# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-381V
## Filed: November 30, 2022
UNPUBLISHED

|  |  |
|---|---|
| MAJED EILAN and SHAMS EILAN parents and next friends of A.E., a minor, | Special Master Horner |
| Petitioner, | Interim Attorneys' Fees and Costs; Acute Disseminating Encephalomyelitis (ADEM); Measles Mumps Rubella (MMR) vaccine; Varicella vaccine |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioners.*
*Emilie Williams, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 15, 2015, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that haemophilus influenza type B ("Hib"), measles mumps and rubella ("MMR"), pneumococcal, and varicella vaccines, that their daughter, A.E., received on April 27, 2012, caused her to suffer acute disseminated encephalomyelitis ("ADEM"). (ECF No. 1.) On February 23, 2021, a Ruling on Entitlement issued finding petitioners entitled to compensation for A.E.'s injury. (ECF No. 106.) On April 19, 2022, petitioners filed a motion seeking an award of interim attorneys' fees and costs. (ECF No. 122.) Respondent did not file any response. At this time, the case remains in the damages phase of litigation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1347. Discretionary awards of interim fees and costs are available to avoid undue hardship. *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).

In this case, petitioners seek a total of $135,077.98 for costs associated both with the entitlement and damages phase of litigation as well as attorney work performed from March of 2015 through April of 2022. (ECF No. 122, p. 1.) I have reviewed petitioners' motion for interim attorneys' fees and costs and exercise my discretion to award interim fees and costs in this case. This case has been pending for seven years and petitioners have been found entitled to compensation. Moreover, the amount of the fees and costs sought further supports an interim award. Upon my review of the supporting documentation, the hourly rates sought for counsel, paralegals, and petitioners' experts, are reasonable and consistent with what has been awarded in prior cases. *See, e.g., Ferguson v. Sec'y of Health & Human Servs.*, No. 17-1737V, 2022 WL 1467655, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022) (approving the same rates as requested by counsel in this case); *Weaver v. Sec'y of Health & Human Servs.*, No. 16-1494V, 2022 WL 4351738, at *3 (Fed. Cl. Spec. Mstr. Aug. 25, 2022) (approving the same rate as requested by Dr. Kinsbourne in this case); *Isenor v. Sec'y of Health & Human Servs.*, No. 19-1996V, 2022 WL 2762618, at *3 (Fed. Cl. Spec. Mstr. June 30, 2022) (finding $225 a reasonable hourly rate for a life care planner absent any additional showing as to specific qualifications). Additionally, the hours billed are reasonable. The requested costs were reasonably incurred and are sufficiently documented.

In light of the above, petitioners' application for interim attorneys' fees and costs is **GRANTED** and:

**Petitioners are awarded a lump sum in the amount of $135,077.98, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioners and their counsel, Richard Gage, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).