# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-381V
### Filed: March 19, 2025

---

MAJED EILAN *and* SHAMS EILAN,
*parents and next friends of* A.E., *a minor*,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Horner

---

*Richard Gage, Richard Gage, P.C. (WY), Cheyenne, WY, for petitioner.*
*Emilie Williams, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On April 15, 2015, Majed Eilan and Shams Eilan ("petitioners") filed a petition on behalf of their minor child, A.E., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] Petitioners alleged that A.E. suffered acute disseminated encephalomyelitis ("ADEM"). (ECF No. 1.)  On February 23, 2021, a ruling on entitlement was issued, finding petitioners entitled to compensation for A.E.'s ADEM, which was caused-in-fact by her mumps, measles, and rubella ("MMR") and/or varicella vaccinations received on April 27, 2017.  (ECF No. 106.)  On August 15, 2024, a ruling on damages was issued, finding petitioners entitled to certain damages and directing the parties to "work collaboratively to resolve any remaining issues regarding the form or scope of the award and to complete additional calculations necessary to generate a proffer on award of damages that incorporates the findings made" in the ruling.  (ECF No. 182.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

In lieu of a proffer, respondent filed the attached Joint Status Report on behalf of the parties, "providing the Special Master with a statement of all damages, including those that the parties have agreed upon, as well as those decided by the Special Master, in the manner that the parties agree contains the information needed for the Special Master's damages decision." (ECF No. 194.) While reserving his right, pursuant to § 300aa-12(e), to seek review of the Ruling on Entitlement, as well as the Ruling on Damages, respondent submits the attached Joint Status Report and "Appendix A: Items of Compensation for A.E.," and petitioners do not object to the representations made therein. (*Id.*) Based on the record as a whole, I find that petitioners are entitled to an award as stated in the Joint Status Report.

Pursuant to the terms stated in the attached Joint Status Report, **I award petitioners damages as follows:**

- **Subject to the guardianship provision set forth in the attached Joint Status Report at Section II.C.3, a lump sum payment of $2,243,221.89, representing compensation for life care expenses, including those described in the attached Joint Status Report at footnote one, expected to be incurred during the first year after judgment ($356,360.89); lost earnings and Social Security retirement ($1,636.861.00); and pain and suffering ($250,000.00), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioners as guardian(s)/conservator(s) of the estate of A.E., for the benefit of A.E.**

- **A lump sum payment of $898,082.13, representing compensation for satisfaction of the Pennsylvania Department of Human Services, payable jointly to petitioners and:**

    Pennsylvania Department of Human Services
    Bureau of Program Integrity
    Division of Third Party Liability
    Recovery Section
    PO Box 8486
    Harrisburg, PA 17105-8486
    CIS #: 560284184
    ATTN: Tamika Walton

    Petitioners agree to endorse this payment to the Pennsylvania Department of Human Services.

- **An amount sufficient to purchase the annuity contract described in the attached Joint Status Report at Section II.C.**

This amount represents compensation for all damages that would be available under § 15(a).

        The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**


                                        **s/Daniel T. Horner**
                                        Daniel T. Horner
                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
                                          )
MAJED and SHAMS EILAN,                    )
parents and next friends of A.E., a minor,)
                                          )
              Petitioners,                )     No. 15-381V
                                          )     Special Master Horner
       v.                                 )     ECF
                                          )
SECRETARY OF HEALTH AND                   )
HUMAN SERVICES,                           )
                                          )
              Respondent.                 )
                                          )
```

**RESPONDENT'S JOINT STATUS REPORT REGARDING
COMPENSATION TO BE AWARDED AND FORM OF AWARD**

In the Special Master's August 15, 2024 Ruling on Damages, the Special Master ordered that: "The parties shall continue to work collaboratively to resolve any remaining issues regarding the form or scope of the award and to complete the additional calculations necessary to generate a proffer on award of damages that incorporates the findings made herein." ECF No. 182 at 20.

In lieu of a proffer, respondent submits this Joint Status Report providing the Special Master with a statement of all damages, including those that the parties have agreed upon, as well as those decided by the Special Master, in the manner that the parties agree contains the information needed for the Special Master's damages decision.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's February 23, 2021 Ruling on Entitlement (ECF No. 106) and August 15, 2024 Ruling on Damages (ECF No. 182), respondent submits the following Joint Status Report

regarding damages.  Petitioners' counsel has reviewed this Joint Status Report and does not object to the representations made herein.

**I.    Items of Compensation**

    A.    <u>Life Care Items</u>

Respondent engaged life care planner Ginger Walton, M.S.N., RN, FNP, CNLCP, and petitioners engaged Elizabeth Kattman, B.S., M.S., Rehabilitation Counselor, to provide an estimation of A.E.'s future vaccine-injury-related needs.  Life care plans were filed in this case. *See* ECF Nos. 184, 156.  Agreed-upon life care items, as well as life care items delineated as awarded by the Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for A.E." attached to this Joint Status Report as Tab A.[1]

    B.    <u>Future Lost Earnings and Lost Social Security Benefits</u>

The parties agreed that based upon the evidence of record, A.E. will not be gainfully employed in the future and should be awarded future lost earnings as provided under the Vaccine Act.  42 U.S.C. § 300aa-15(a)(3)(B).  However, the parties did not agree on an amount of future lost earnings to be awarded or on petitioners' claim for lost Social Security benefits.  Based on a

---

[1]  The chart at Tab A illustrates the parties' agreed-upon annual amounts for life care items and, pursuant to the Special Master's August 15, 2024 Ruling on Damages (ECF No. 182), includes the Special Master's award of the following life care items: Physical Therapy, from compensation year 2025 through compensation year 2029; Occupational Therapy, from compensation year 2025 through compensation year 2032; Speech Therapy, from compensation year 2025 through compensation year 2029; Adaptive Recreation, from compensation year 2025 through the remainder of A.E.'s life; CNA Attendant Care and Respite Care, from compensation year 2025 through compensation year 2032; Skilled Nursing for Respite Care, from compensation year 2025 through compensation year 2032; 24 Hour In-Home Attendant Care, from compensation year 2033 through the remainder of A.E.'s life; and Skilled Nursing, from compensation year 2033 through the remainder of A.E.'s life.  Compensation years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

set of parameters provided by the Special Master in his August 15, 2024 Ruling on Damages (ECF No. 182 at 19 and 20) for calculating future lost earnings and lost Social Security retirement benefits, respondent has calculated A.E.'s combined estimated actual future lost earnings and lost Social Security retirement benefits to total $1,636,861.00.  Petitioners agree.

        C.     <u>Pain and Suffering</u>

The parties agree that based upon the evidence of record, A.E. is entitled to an award of $250,000.00 in actual pain and suffering under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).

        D.     <u>Medicaid Lien</u>

Respondent proffers that A.E. should be awarded funds to satisfy a Pennsylvania Department of Human Services Medicaid lien in the amount of $898,082.13, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of A.E. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about April 27, 2012, under Title XIX of the Social Security Act.

**II.**    **Form of the Award**

The parties request that the compensation provided to A.E. be made through a combination of a lump sum payment and future annuity payments as described below, and request that the Special Master's Decision on Damages and the Court's judgment award the following:[2]

---

[2] Should A.E. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

A.  Subject to the guardianship provision set forth below in Section II.C.3, a lump sum payment of $2,243,221.89, representing compensation for life care expenses, including those items awarded by the Special Master referenced in footnote one, expected to be incurred during the first year after judgment ($356,360.89), lost earnings and Social Security retirement ($1,636,861.00), and pain and suffering ($250,000.00), to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners as guardian(s)/conservator(s) of the estate of A.E., for the benefit of A.E.

B.  A lump sum payment of $898,082.13, representing compensation for satisfaction of the Pennsylvania Department of Human Services, payable jointly to petitioners and:

Pennsylvania Department of Human Services
Bureau of Program Integrity
Division of Third Party Liability
Recovery Section
PO Box 8486
Harrisburg, PA 17105-8486
CIS #: 560284184
ATTN: Tamika Walton

Petitioners agree to endorse this payment to the Pennsylvania Department of Human Services.

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company,[4] from

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first

anniversary of the date of judgment) and all subsequent years shall be provided through

respondent's purchase of an annuity, which annuity shall make payments directly to petitioners

only so long as A.E. is alive at the time a particular payment is due.  At the Secretary's sole

discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual, or

other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total

yearly sum to be paid to petitioners and do not require that the payment be made in one annual

installment.

    1.    <u>Growth Rate</u>

The parties agree that a four percent (4%) growth rate should be applied to all non-

medical life care items, and a five percent (5%) growth rate should be applied to all medical life

care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity

payments should grow as follows: four percent (4%) compounded annually from the date of

---

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

    2.    <u>Life-contingent Annuity</u>

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as A.E. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of A.E.'s death.

    3.    <u>Guardianship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.E.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.E., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.E. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship/conservatorship is no longer required under the laws of the Commonwealth of Pennsylvania after A.E. has attained the age of majority, any such payment shall be paid to A.E. upon submission of written documentation of the termination of guardianship/conservatorship to the Secretary.

**III.    <u>Summary of Payments Following Judgment</u>**

A.    Lump Sum paid to the court-appointed guardian(s)/
conservator(s) of the estate of A.E. for the benefit of A.E.:    **$2,243,221.89**

B.    Medicaid lien:    **$  898,082.13**

C.    An amount sufficient to purchase the annuity contract described
above in section II. C.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ *Emilie F. Williams*
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0124
Email: emilie.williams@usdoj.gov

DATED:  March 19, 2025

Appendix A:  Items of Compensation for A.E.                                                    Page 1 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2025 | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032 |
| ACA Premium | 5% | | M | 3,267.84 | 3,267.84 | 3,558.36 | 3,669.48 | 3,780.48 | 3,900.12 | 4,019.76 | 4,143.60 |
| ACA Maximum out of Pocket | 5% | | | 9,100.00 | 9,100.00 | 9,100.00 | 9,100.00 | 9,100.00 | 9,100.00 | 9,100.00 | 9,100.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medigap | 5% | | M | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Pediatrician | 5% | * | | | | | | | | | |
| Internal Medicine | 5% | * | | | | | | | | | |
| Physical Medicine and Rehabilitation | 5% | * | | | | | | | | | |
| Botox | 5% | * | | | | | | | | | |
| Pediatric Neurosurgery | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Orthopedic | 5% | * | | | | | | | | | |
| Dental Work under Anesthesia | 5% | * | | | | | | | | | |
| Possible Surgeries | 5% | * | | | | | | | | | |
| Bilateral Hip X-rays | 5% | * | | | | | | | | | |
| Scoliosis X-rays | 5% | * | | | | | | | | | |
| Case Management | 4% | | M | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 |
| Baclofen | 5% | * | | | | | | | | | |
| Reno Capsules | 4% | | M | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 |
| Pediasure | 4% | | M | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 |
| Wipes | 4% | | | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 |
| Computer | 4% | | | 782.50 | 260.83 | 260.83 | 260.83 | 260.83 | 260.83 | 260.83 | 260.83 |
| Tablet | 4% | | | 509.00 | 169.67 | 169.67 | 169.67 | 169.67 | 169.67 | 169.67 | 169.67 |
| Proloquo2Go | 4% | | | 249.00 | 83.00 | 83.00 | 83.00 | 83.00 | 83.00 | 83.00 | 83.00 |
| Communication Device | 4% | | | | | | | 2,000.00 | 400.00 | 400.00 | 400.00 |
| Power Wheelchair | 4% | * | | | | | | | | | |
| Power Wheelchair Seat Cushion | 4% | * | | | | | | | | | |

Appendix A:  Items of Compensation for A.E.                                           Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2025 | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032 |
| Power Wheelchair Back Cushion | 4% | * | | | | | | | | | |
| Manual Wheelchair | 4% | | | 6,000.00 | | | | 6,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Manual Wheelchair Seat Cushion | 4% | | | 352.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 |
| Manual Wheelchair Back Cushion | 4% | | | 623.50 | 311.75 | 311.75 | 311.75 | 311.75 | 311.75 | 311.75 | 311.75 |
| Folding Manual Wheelchair for Home | 4% | | | 200.00 | | | | | | | |
| In Ceiling Lift System | 4% | | | 5,374.50 | 358.30 | 358.30 | 358.30 | 358.30 | 358.30 | 358.30 | 358.30 |
| Slings | 4% | | | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 |
| Batteries | 4% | | | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 |
| Hoyer Lift | 4% | * | | | | | | | | | |
| Slings | 4% | * | | | | | | | | | |
| Adaptive Walker | 4% | * | | | | | | | | | |
| Handheld Shower Sprayer | 4% | | | 40.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Rifton HTS | 4% | | | 2,305.00 | 461.00 | 461.00 | 461.00 | 461.00 | 461.00 | 461.00 | 461.00 |
| Bidet with Remote | 4% | | | 614.00 | 87.71 | 87.71 | 87.71 | 87.71 | 87.71 | 87.71 | 87.71 |
| Bilateral AFOs | 4% | * | | | | | | | | | |
| Bilateral Hand Braces | 4% | * | | | | | | | | | |
| Swash Brace | 4% | * | | | | | | | | | |
| Adaptive Tricycle | 4% | | | 1,530.00 | 306.00 | 306.00 | 306.00 | 306.00 | 306.00 | 306.00 | 306.00 |
| Adaptive Swing | 4% | | | 637.00 | | | | | | | |
| Stander | 4% | | | 4,795.00 | | | | | 4,795.00 | | |
| Physical Therapy | 4% | * | M | 910.00 | 910.00 | 910.00 | 910.00 | 910.00 | | | |
| Occupational Therapy | 4% | * | M | 8,710.00 | 8,710.00 | 8,710.00 | 8,710.00 | 8,710.00 | 4,940.00 | 4,940.00 | 4,940.00 |
| Speech Therapy | 4% | * | M | 682.50 | 682.50 | 682.50 | 682.50 | 682.50 | | | |
| Adaptive Recreation | 4% | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Psychological Evaluation and Counseling | 4% | * | | | | | | | | | |
| Home Modification | 4% | | | 102,636.50 | | | | | | | |

**Appendix A:  Items of Compensation for A.E.**                                Page 3 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2025 | Compensation Year 2 2026 | Compensation Year 3 2027 | Compensation Year 4 2028 | Compensation Year 5 2029 | Compensation Year 6 2030 | Compensation Year 7 2031 | Compensation Year 8 2032 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wheelchair Accessible Van | 4% | | | 71,258.50 | | | | | | | |
| Van Adaptive Equipment Maintenance | 4% | | | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 |
| CNA Attendant Care/Respite Care | 4% | | M | 120,198.00 | 120,198.00 | 120,198.00 | 120,198.00 | 120,198.00 | 120,198.00 | 120,198.00 | 120,198.00 |
| Skilled Nursing for Respite Care | 4% | | M | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 |
| 24 Hr In Home Attendant Care | 4% | | M | | | | | | | | |
| Skilled Nursing | 4% | | M | | | | | | | | |
| Future Lost Earnings/Social Security Retirement | | | | 1,636,861.00 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Medicaid Lien | | | | 898,082.13 | | | | | | | |
| Annual Totals | | | | 3,141,304.02 | 160,672.65 | 160,963.17 | 161,074.29 | 169,185.29 | 162,137.43 | 157,462.07 | 157,585.91 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of A.E., for the benefit of A.E., for future lost earnings/SS retirement benefits ($1,636,861.00),
pain and suffering ($250,000.00), and Yr 1 life care expenses ($356,360.89): $2,243,221.89.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioners and the Commonwealth of Pennsylvania, as reimbursement of the Commonwealth's Medicaid lien: $898,082.13.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

Appendix A:  Items of Compensation for A.E.                                          Page 4 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 2033 | Compensation Year 10 2034 | Compensation Year 11 2035 | Compensation Years 12-13 2036-2037 | Compensation Year 14 2038 | Compensation Years 15-51 2039-2075 | Compensation Years 52-Life 2076-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| ACA Premium | 5% | | M | | | | | | | |
| ACA Maximum out of Pocket | 5% | | | | | | | | | |
| Medicare Part B Premium | 5% | | M | 2,220.00 | 2,220.00 | 2,220.00 | 2,220.00 | 2,220.00 | 2,220.00 | 2,220.00 |
| Medicare Part B Deductible | 5% | | | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 |
| Medigap | 5% | | M | 2,334.00 | 2,334.00 | 2,334.00 | 2,334.00 | 2,334.00 | 2,334.00 | 3,462.00 |
| Medicare Part D | 5% | | M | 1,440.72 | 1,440.72 | 1,440.72 | 1,440.72 | 1,440.72 | 1,440.72 | 1,440.72 |
| Pediatrician | 5% | * | | | | | | | | |
| Internal Medicine | 5% | * | | | | | | | | |
| Physical Medicine and Rehabilitation | 5% | * | | | | | | | | |
| Botox | 5% | * | | | | | | | | |
| Pediatric Neurosurgery | 5% | * | | | | | | | | |
| Neurology | 5% | * | | | | | | | | |
| Orthopedic | 5% | * | | | | | | | | |
| Dental Work under Anesthesia | 5% | * | | | | | | | | |
| Possible Surgeries | 5% | * | | | | | | | | |
| Bilateral Hip X-rays | 5% | * | | | | | | | | |
| Scoliosis X-rays | 5% | * | | | | | | | | |
| Case Management | 4% | | M | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 | 4,140.00 |
| Baclofen | 5% | * | | | | | | | | |
| Reno Capsules | 4% | | M | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 | 287.00 |
| Pediasure | 4% | | M | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 | 1,231.00 |
| Wipes | 4% | | | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 | 74.88 |
| Computer | 4% | | | 260.83 | 260.83 | 260.83 | 260.83 | 260.83 | 260.83 | 260.83 |
| Tablet | 4% | | | 169.67 | 169.67 | 169.67 | 169.67 | 169.67 | 169.67 | 169.67 |
| Proloquo2Go | 4% | | | 83.00 | 83.00 | 83.00 | 83.00 | 83.00 | 83.00 | 83.00 |
| Communication Device | 4% | | | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| Power Wheelchair | 4% | * | | | | | | | | |
| Power Wheelchair Seat Cushion | 4% | * | | | | | | | | |

Appendix A:  Items of Compensation for A.E.                                            Page 5 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 | Compensation Year 10 | Compensation Year 11 | Compensation Years 12-13 | Compensation Year 14 | Compensation Years 15-51 | Compensation Years 52-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2033 | 2034 | 2035 | 2036-2037 | 2038 | 2039-2075 | 2076-Life |
| Power Wheelchair Back Cushion | 4% | * | | | | | | | | |
| Manual Wheelchair | 4% | | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Manual Wheelchair Seat Cushion | 4% | | | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 | 176.00 |
| Manual Wheelchair Back Cushion | 4% | | | 311.75 | 311.75 | 311.75 | 311.75 | 311.75 | 311.75 | 311.75 |
| Folding Manual Wheelchair for Home | 4% | | | | | | | | | |
| In Ceiling Lift System | 4% | | | 358.30 | 358.30 | 358.30 | 358.30 | 358.30 | 358.30 | 358.30 |
| Slings | 4% | | | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 | 345.50 |
| Batteries | 4% | | | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 | 186.67 |
| Hoyer Lift | 4% | * | | | | | | | | |
| Slings | 4% | * | | | | | | | | |
| Adaptive Walker | 4% | * | | 2,708.00 | 451.33 | 451.33 | 451.33 | 451.33 | 451.33 | 451.33 |
| Handheld Shower Sprayer | 4% | | | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Rifton HTS | 4% | | | 461.00 | 461.00 | 461.00 | 461.00 | 461.00 | 461.00 | 461.00 |
| Bidet with Remote | 4% | | | 87.71 | 87.71 | 87.71 | 87.71 | 87.71 | 87.71 | 87.71 |
| Bilateral AFOs | 4% | * | | | | | | | | |
| Bilateral Hand Braces | 4% | * | | | | | | | | |
| Swash Brace | 4% | * | | | | | | | | |
| Adaptive Tricycle | 4% | | | 306.00 | 306.00 | 306.00 | 306.00 | 306.00 | 306.00 | 306.00 |
| Adaptive Swing | 4% | | | | | | | | | |
| Stander | 4% | | | | | | | 4,795.00 | 599.38 | 599.38 |
| Physical Therapy | 4% | * | M | | | | | | | |
| Occupational Therapy | 4% | * | M | | | | | | | |
| Speech Therapy | 4% | * | M | | | | | | | |
| Adaptive Recreation | 4% | | | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Psychological Evaluation and Counseling | 4% | * | | | | | | | | |
| Home Modification | 4% | | | | | | | | | |

Appendix A:  Items of Compensation for A.E.                                    Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 9 | Compensation Year 10 | Compensation Year 11 | Compensation Years 12-13 | Compensation Year 14 | Compensation Years 15-51 | Compensation Years 52-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2033 | 2034 | 2035 | 2036-2037 | 2038 | 2039-2075 | 2076-Life |
| Wheelchair Accessible Van | 4% | | | | | 64,132.65 | 6,413.27 | 6,413.27 | 6,413.27 | 6,413.27 |
| Van Adaptive Equipment Maintenance | 4% | | | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 | 621.00 |
| CNA Attendant Care/Respite Care | 4% | | M | | | | | | | |
| Skilled Nursing for Respite Care | 4% | | M | | | | | | | |
| 24 Hr In Home Attendant Care | 4% | | M | 293,460.00 | 293,460.00 | 293,460.00 | 293,460.00 | 293,460.00 | 293,460.00 | 293,460.00 |
| Skilled Nursing | 4% | | M | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 |
| Future Lost Earnings/Social Security Retirement | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | |
| Annual Totals | | | | 319,624.03 | 317,367.36 | 381,500.01 | 323,780.63 | 328,575.63 | 324,380.01 | 325,508.01 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of A.E., for the benefit of A.E., for future lost earnings/SS retirement benefits ($1,636,861.00),
pain and suffering ($250,000.00), and Yr 1 life care expenses ($356,360.89): $2,243,221.89.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioners and the Commonwealth of Pennsylvania, as reimbursement of the Commonwealth's Medicaid lien: $898,082.13.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.