# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-381V
### Filed: May 6, 2026

| | |
|---|---|
| MAJED EILAN *and* SHAMS EILAN, *parents and next friends of* A.E., *a minor*, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner |

*Richard Gage, Richard Gage, P.C., Cheyenne, W.Y., for petitioners.*
*Emilie Williams, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 15, 2015, Majed Eilan and Shams Eilan ("petitioners") filed a petition on behalf of their minor child, A.E., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.) Petitioners alleged that A.E. suffered from acute disseminated encephalomyelitis ("ADEM"). (*Id.*) On February 23, 2021, petitioners were found entitled to compensation for A.E.'s ADEM, which was caused-in-fact by the mumps, measles, and rubella ("MMR") and/or varicella vaccinations that she received on April 27, 2012. (ECF No. 106.)

On April 7, 2025, petitioners filed a final motion for attorneys' fees and costs.[3] (ECF No. 202.) Petitioners request attorneys' fees and costs in the amount of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] In November of 2022, petitioners were awarded interim fees and costs in the amount of $135,077.98. (ECF No. 133.)

$123,428.53, representing $74,636.30 in fees and $48,792.23 in costs.  (*Id.* at 6.)  Petitioners aver that they have not personally incurred any costs in pursuit of their claim.  (*Id.* at 89.)  Respondent subsequently filed a response, in which he notes that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (ECF No. 204, p. 1.)  However, respondent indicates that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 4.)

## I.   Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs, § 300aa-15(e), and the Federal Circuit has approved the lodestar approach to determine what constitutes a reasonable award.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  However, "[t]he failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision."  Vaccine Rule 13(a)(3).

### a.  Hourly Rates

Review of the billing records shows that petitioner's counsel, Mr. Richard Gage, billed at a rate of $393 per hour for work completed in 2022, $422 per hour for work completed in 2023, $441 per hour for work completed in 2024, and $450 per hour for work completed in 2025.  (ECF No. 202, pp. 34-44.)  Mr. Gage's requested hourly rates are reasonable and consistent with prior awards.  *E.g.*, *Pellegrino v. Sec'y of Health & Human Servs.*, No. 21-1608V, 2026 WL 963550, at *3 (Fed. Cl. Spec. Mstr. Mar. 10, 2026).  Additionally, attorney Kristen Blume billed at a rate of $422 per hour work completed in 2023 and $441 for work completed in 2024.  (ECF No. 202, p. 46.)  Ms. Blume's requested hourly rates are also reasonable and consistent with prior awards.  *E.g.*, *Hoisington v. Sec'y of Health & Human Servs.*, No. 19-1043V, 2025 WL 2218988, at *3 (Fed. Cl. Spec. Mstr. June 27, 2025); *Bryan v. Sec'y of Health & Human Servs.*, No. 14-898V, 2025 WL 3688941, at *2 (Fed. Cl. Spec. Mstr. Aug. 19, 2025).  Finally, for work completed by paralegals, petitioners request the following rates: $141 per hour for work completed in 2022, $152 per hour for work completed in 2023, $159 per hour for work completed in 2024, and $162 per hour for work completed in 2025.  (ECF No. 202, pp. 48-62.)  The requested rates are reasonable and consistent with what Mr. Gage's paralegals have been awarded in prior decisions.  *E.g.*, *Pellegrino*, 2026 WL 963550, at *3.

2

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include hours that are "excessive, redundant, or otherwise unnecessary" in their fee applications. *Saxton*, 3 F.3d at 1521. However, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. In reducing an award of fees, the essential goal is to achieve "rough justice." *Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016). Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allotting an attorney's time." *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

Based on my review of the billing records, I find the hours billed are largely reasonable. However, I note that some of the billing entries lack sufficient detail to assess their reasonableness. *See De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338, 346-47 (2018) (affirming a special master's reduction in a fee award due to vague billing entries). For instance, Mr. Gage billed a total of 16.7 hours for "Trial prep" without further detail and included many entries limited to merely documenting the fact of various e-mail and phone communications.[4] (ECF No. 202, pp. 20-22.) Mr. Gage has previously been warned about failing to include sufficient descriptions in his invoices. *See, e.g.*, *Rocha v. Sec'y of Health & Human Servs.*, No. 16-241V, 2024 WL 773795, at *6 (Fed. Cl. Spec. Mstr. Feb. 2, 2024); *Skinner-Smith v. Sec'y of Health & Human Servs.*, No. 14-1212V, 2022 WL 2452384, at *4 (Fed. Cl. Spec. Mstr. June 9, 2022). Accordingly, I am applying a 2% reduction to the final award of attorneys' fees for work completed by Mr. Gage, resulting in a reduction of $893.55.

## II. Attorneys' Costs

As with attorneys' fees, a request for reimbursement of attorneys' costs must also be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioners request a total of $48,792.23 in attorneys' costs. (ECF No. 202, p. 6.) These costs are comprised of postage costs ($12.85); transcript associated with the damages hearing ($672.98); expert services provided by the life care planner

---

[4] Just a few examples: Mr. Gage billed 0.1 hours for "checked email" on November 11, 2023; 0.4 hours for "Phone call with Mark McNulty" on August 21, 2024; 0.5 hours for "Phone conference with Liz Kattman" on August 23, 2024; 0.2 hours for "Phone call with Life Care Planner" on August 21, 2024; 0.3 hours for "Phone call with Economist" on August 29, 2024; 0.4 hours for "call from trust attorney" on October 16, 2024; and 0.5 hours for "Phone with trust attorney" on November 25, 2024.

($25,468.95); expert services provided by the economist ($15,100.00); and costs associated with representation by a trust attorney ($6,561.25).  (*Id.* at 6, 64-87.)  I find that these costs are reasonable and sufficiently documented.  *See Hoisington*, 2025 WL 2218988, at *4-5 (awarding hourly rates of $400 per hour for work completed by Dr. McNulty and $185 or $225 per hour for work completed by Ms. Kattman).  Accordingly, petitioners are awarded the requested attorneys' costs in full.

### III.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioners' request, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, petitioners are awarded attorneys' fees and costs in the total of $122,534.98, to be paid through an ACH deposit to petitioners' counsel, Richard Gage's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.