# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-381V**
**Filed: July 24, 2026**

MAJED EILAN, and SHAMS EILAN, parents and next friends of A.E., a minor,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Emilie Williams, U.S. Department of Justice, Washington, DC, for respondent.*

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT**[1]

On July 1, 2026, petitioners filed a motion for relief from the judgment awarding final attorneys' fees and costs pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC") and Vaccine Rule 36(b). (ECF No. 209.) Because petitioners have demonstrated circumstances justifying relief under RCFC 60(b)(6), their motion is hereby granted and judgment is entered as set forth below.

## I. Applicable Legal Standards

Under Vaccine Rule 36(b), a party may seek relief from judgment by filing a motion pursuant to RCFC 60. Rule 60(b) provides an exception to the finality of judgments upon a showing of extraordinary circumstances. *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 547-48 (2011), *aff'd per curiam*, 485 F. App'x 435 (Fed. Cir. 2012). "The court has discretion regarding whether to grant relief under rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" *Brunker v. Sec'y of Health & Human Servs.*, No. 18-683V, 2023 WL 19145, at *1 (Fed. Cl. Spec. Mstr. Jan. 3, 2023) (quoting *Curtis v. United States*, 61 Fed. Cl.

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

511, 512 (2004)). Under Rule 60(b), the court may grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence . . . ;
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

RCFC 60(b).

## II. Analysis

In support of the Motion to Amend Judgment, petitioners state:

> Petitioner's Fees and Costs Petitioner was filed April 7, 2025. Petitioner's economist, Dr. McNulty, did extensive work during the long damages phase of this case. His bill was included in the Fees and Costs petition. However, inadvertently, the wrong Dr. McNulty bill was included with this petition. The bill included with this petition was from the previous case of Henley v. HHS, 16-499v. Dr. McNulty's bill from the Henley case was $15,100. Dr. Henley's bill for this case, see attached, is for $22,850. This leaves a shortfall of $7,750.
>
> The bill included in this fees petition has the name Henley on the first page. The undersigned missed the name on that bill, as did Respondent and the court. This was clearly a mistake.

(ECF No. 209, p. 1.)

In response, respondent stresses that this particular counsel has "exhibited a pattern of errors" involving requests for reimbursement relating to this particular expert. (ECF No. 211, p. 6 (citing *Schettl v. Sec'y of Health & Human Servs*., No. 14-422V, 2022 WL 2912666, at *4 (Fed. Cl. Spec. Mstr. June 30, 2022); *Henley v. Sec'y of Health & Human Servs*., No. 16-499V, 2022 WL 16545604, at *5 (Fed. Cl. Spec. Mstr. Oct. 5, 2022); *Desai v. Sec'y of Health & Human Servs.*, No. 14-811V, 2021 WL 5026861, at *1 (Fed. Cl. Spec. Mstr. Sept. 30, 2021)).) Given that pattern, respondent suggests that the court could reasonably decline petitioner's request as a matter of equity. (*Id*.) However, respondent otherwise acknowledges that relief from judgment has previously been granted for inadvertent invoicing errors. (*Id*. at 5 (citing *Putnam v. Sec'y of Health & Human Servs.*, No. 16-1273V, 2023 WL 7400712, at *5 (Fed. Cl. Spec. Mstr. Aug. 21,

2023) (collecting cases)).) Respondent ultimately “defers to the discretion of the special master to grant or deny petitioner’s motion.” (*Id.*)

Rule 60(b)(6) provides for relief from judgment upon a showing of “any other reason that justifies relief.” I find that petitioners have demonstrated a sufficient reason justifying relief, namely, that their requested relief is necessary to correct a clear error. *E.g.*, *Stamm v. Sec’y of Health & Human Servs.*, No. 17-0103V, 2018 WL 5260681 (Fed. Cl. Spec. Mstr. Aug. 10, 2018); *Nilsen v. Sec’y of Health & Human Servs.*, No. 14-0968V, 2016 WL 5210773 (Fed. Cl. Spec. Mstr. Mar. 15, 2016); *Greenberg v. Sec’y of Health & Human Servs.*, No. 19-0075V, 2021 WL 1574071 (Fed. Cl. Spec. Mstr. Mar. 19, 2021). I do take note of respondent’s observation that Dr. McNulty’s billing has been the subject of repeated errors. And I may require more detailed substantiation of the reason for such errors if this should happen again on my docket. However, I also cannot overlook the fact that respondent’s own lack of meaningful participation in the motion practice leading to this judgment likely contributed to the current situation. (ECF No. 204, n. 2 (stating that “[r]espondent no longer has sufficient resources to provide detailed objections to requests for attorneys’ fees and costs, as were submitted in the past”).)

## III. Conclusion

Accordingly, petitioners’ motion for relief judgment is hereby **GRANTED**. The Clerk is hereby instructed to **VACATE** the judgment entered on May 13, 2026 (ECF No. 207), and to **WITHDRAW** the Decision Awarding Attorneys’ Fees and Costs issued on May 6, 2026 and published on June 1, 2026 (ECF Nos. 205, 208). An updated Decision Awarding Attorneys’ Fees and Costs will be issued separately addressing the newly submitted invoice.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master